IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THEODORE D. JACKSON, Petitioner, <br> By and Through HERMIONE K.I. <br> WINTER, <br>        Petitioner-Next Friend, <br><br> v. <br><br> ATTORNEY GENERAL OF THE STATE <br> OF DELAWARE, <br><br>        Respondent. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 18-1097-LPS <br> : <br> : <br> : <br> : <br> : |

## **MEMORANDUM**

## I. INTRODUCTION

Presently pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner-Next Friend Hermione K.I. Winter on behalf of Petitioner, Theodore D. Jackson. challenging his 2014 convictions. (D.I. 2) Petitioner-Next Friend asserts she signed and filed the Petition for Petitioner due to "the high level of Petitioner's mental incompetency." (D.I. 2 at 15)

## II. DISCUSSION

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. In turn, before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue pursuant

to Article III of the United States Constitution.[1] *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); U.S. CONST. art. III, § 2. Although, as a general rule, one *pro se* litigant may not act as an attorney for another individual,[2] a person with "next friend" standing may prosecute a habeas petition on behalf of a prisoner. *See generally Whitmore*, 495 U.S. 149. A person establishes "next friend" standing by demonstrating that the prisoner "is unable, usually because of mental incompetence or inaccessibility, to seek relief himself," and that the "next friend" has some "significant relationship" with the prisoner and is truly dedicated to best interests of the prisoner. *See Whitmore*, 495 U.S. at 162-64. The burden of proving "next friend" status rests with the moving party. *Id.* at 163. "Where standing is lacking, the federal courts lack the power to grant habeas relief." *In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir. 1995).

Having reviewed the face of the instant Petition, the Court concludes that summary dismissal is appropriate because Petitioner-Relator, the person who filed the Petition on behalf of Petitioner, does not have standing to pursue habeas relief in this case. First, Petitioner-Relator is herself a *pro se* litigant and, therefore, may not act as an attorney for other individuals. Second, Petitioner-Relator has not satisfied the requirements necessary to proceed as Petitioner's "next friend." Petitioner-Relator's conclusory and unsupported reference to Petitioner's "high level of mental incompetency" does not, on its own, demonstrate that Petitioner is unable to file and/or sign

---

[1] Article III standing is a jurisdictional requirement, which a court is obligated to raise *sua sponte*. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003); *Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003).

[2] *See* 28 U.S.C. § 1654; *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005); *Harris v. Philadelphia Police Dep't*, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006.); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) ("Although a non-attorney may appear *in propria persona* on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").)

a habeas petition on his own behalf. Moreover, Petitioner-Relator's statement that she is Petitioner's friend does not demonstrate the she and Petitioner have a "significant relationship" or that she is truly dedicated to Petitioner's best interests. Given Petitioner-Relator's failure to adequately explain why Petitioner is unable to litigate this habeas action on his own behalf, the Court concludes that it must dismiss the case for lack of next friend standing.

### III. CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 2) without prejudice for lack of next friend standing without issuing a certificate of appealability. *See* 28 U.S.C. 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). The Court will also dismiss Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) as moot. A separate Order follows.

Dated: September 17, 2018

UNITED STATES DISTRICT JUDGE